UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| PHILLIP ROBERTS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 4:18-cv-04-SKL |
| JOHN CARROLL, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## ORDER

The parties failed to appropriately confer and file jointly proposed jury instructions as required in the Court's Amended Scheduling Order [Doc. 69]. Instead, the parties filed separately proposed jury instructions/verdict forms and Defendants dispute that a good faith conferral even took place allegedly through no fault of their own [Doc. 74 & Doc. 77]. Any such blatant disregard of the Court's requirements is sanctionable and will not be tolerated. Regardless of the finger-pointing, it appears the parties have not made a nearly sufficient good faith effort to jointly propose jury instructions/verdict forms in a case where disputed instructions should be few and far between. The Court will give the parties one final opportunity to comply with the Court's requirements for submitting jointly proposed jury instructions/verdict forms before the Court resorts to possible sanctions.

Accordingly, the Court **ORDERS** the parties to meet and confer in person in good faith in sufficient time to meet the deadline set herein, including resolution of as many disagreements regarding the submissions as possible. The parties are specifically **ORDERED** to confer in person or by telephone (not solely by email) in good faith about a joint proposal for jury instructions/verdict forms and, **before submitting proposed jury instructions/verdict forms, the**

**parties MUST attempt to resolve any disagreements**. If not all instructions are submitted jointly, the parties must include a certification that they have conferred in good faith with the opposing side in an effort to resolve any disputed instructions.

As Plaintiff has requested punitive damages, the parties are **INSTRUCTED** to discuss whether any party will be seeking bifurcation of the trial to address punitive damages, and whether the parties are in agreement regarding possible bifurcation. If in agreement, the parties should submit two sets of jury instructions and two verdict forms to address each phase of the trial. If the parties do not reach agreement regarding possible bifurcation or if the Court eventually rules in favor of bifurcation (either *sua sponte* under Fed. R. Civ. P. 42(b) or upon motion), the parties will be required to resubmit the proposed instructions/verdict forms to address bifurcated trial phases.

The parties are further **ORDERED** to jointly submit the proposed jury instructions and verdict forms by no later than <u>**NOON on August 23, 2021**</u>. Said submission must be in full compliance with the requirements of Local Rule 51.1. The Court uses the Sixth Circuit Criminal Pattern Jury Instructions as its model in formulating the final instructions given to the jury; therefore, all proposed jury instructions should follow the format of the pattern instructions to the extent possible.

As further clarification of the Court's requirements, the parties are **ORDERED** to submit a single set of proposed jury instructions for each phase of the trial, both via one ECF filing and in a Word document via e-mail sent to lee_chambers@tned.uscourts.gov. In the event agreement cannot be reached on a particular instruction, the parties are **ORDERED** to submit alternate versions of the instruction—side by side—with (1) citations to authority in support of their respective proposals and (2) citations to any argument/authority they contend disputes their opponent's position—with respect to each non-jointly submitted proposed instruction. If only one

version of an instruction is submitted, the Court will assume that it is agreed upon by all the parties unless the above instructions are followed and an alternate version or request not to instruct the jury on that subject (also with supporting authority) is included in the jointly proposed instructions.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE