UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| PHILLIP ROBERTS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18-cv-04-SKL |
| JOHN CARROLL, CHASE STRANGE, and DAKOTA LILES, | ) |
| Defendants. | ) |

## ORDER

Before the Court is a motion in limine [Doc. 75 (motion) & Doc. 76 (supporting brief)] filed by Defendants John Carroll, Chase Strange, and Dakota Liles ("Defendants"). The motion contains six in limine requests. Plaintiff filed a response [Doc. 85], indicating he does not oppose request numbers two through six. Defendants filed a reply to respond to Plaintiff's arguments concerning their first in limine request [Doc. 89].

Accordingly, the motion [Doc. 75] is **GRANTED IN PART** as to Defendants' in limine requests numbers two through six. The following items are **EXCLUDED** from the trial of this case:

- any disciplinary evidence and/or statements contained in Defendant Strange's personnel file, including the items listed on Docket No. 76, Page ID # 443 (page 2 of Defendants' brief);[1]

- the excerpts from Defendant Strange's deposition testimony listed on Docket No. 76, Page ID # 444-45 (pages 3 and 4 of Defendants' brief);

---

[1] In their motion, Defendants ask for the entire personnel file to be excluded; however, in their brief, Defendants limit their request to exclusion of disciplinary evidence/statements.

- any reference to the appropriateness of Coffee County's customs, policies, and practices;

- any testimony, argument, or proof of any kind related to the existence of insurance coverage; and

- evidence of criminal charges and incarceration of Defendant Carroll.

If Plaintiff wishes to attempt to introduce any of this evidence at trial for any reason, he is **ORDERED** to first raise the issue with the Court outside the presence of the jury.

This leaves Defendants' first in limine request. In that request, Defendants ask the Court to exclude "argument, testimony, [and] evidence regarding Officer Strange's failure to intervene during the second attack," referring to the alleged assault of Plaintiff by other inmates on May 15, 2021 [Doc. 76 at Page ID # 442]. They also seek to exclude any argument/proof/testimony that Defendant Strange witnessed the second attack [*id.* at Page ID # 443]. Defendants point out the Sixth Circuit dismissed Plaintiff's failure-to-intervene claim against Strange based on this incident,[2] and argue that, as a result, "Plaintiff should be precluded from arguing or bringing into

---

[2] The Sixth Circuit held:

> Roberts also alleges deliberate indifference against Strange for his failure to intervene during the second assault. Roberts testified that the inmates assaulted him in his cell, and that during the assault, "Strange was in the tower, supposedly watching over the pod to keep us safe," R. 56-2, PID 239. However, there is no evidence that Strange, from his position in the tower, could or actually did see the inmates assaulting Roberts, or that he had time to intervene but failed to do so. *Cf. Richko*, 819 F.3d at 919-20 (affirming denial of summary judgment where the plaintiff presented evidence that loud sounds such as the banging, yelling, and pounding that were made during the assault could be heard from the duty station where the guard was located, and thus presented sufficient evidence that the guard "simply chose not to respond" despite hearing the assault take place). Accordingly, Roberts has not presented a genuine dispute of material fact about whether Strange was deliberately indifferent by failing to intervene in the second assault.

*Roberts v. Coffee Cnty., Tenn.*, 826 F. App'x 549, 555 (6th Cir. 2020).

evidence any proof/testimony that Officer Strange witnessed the second attack or failed to intervene during the second attack." [Doc. 76 at Page ID # 443].

Plaintiff responds that he "does not plan to argue anything about Strange's failure to intervene," but that he "should be allowed to testify that Strange was present in the tower, testify about his conversation with the tower shortly after the second attack, and argue that these points served to put Strange on further notice about the serious danger leading up to the third attack." [Doc. 85 at Page ID # 519-20 (footnote omitted)].

Plaintiff's deliberate indifference/failure to protect claim against Defendant Strange requires Plaintiff to show Defendant Strange was subjectively aware of a substantial risk to Plaintiff's safety and disregarded the risk. *See Roberts*, 826 F. App'x at 552 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "An official is deliberately indifferent if he 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.'" *Id.* (citing *Farmer*, 511 U.S. at 837). Defendant Strange's knowledge of the second attack, however obtained, is therefore relevant.

The Court finds some limited inquiry into the tower incident is not foreclosed by the Sixth Circuit's ruling. For one, the ruling was on summary judgment, and the proof at trial may differ. Moreover, Plaintiff will not be permitted to argue or present testimony that Defendant Strange should have intervened, nor will he be permitted to speculate as to whether Defendant Strange observed (or should have observed) the attack from his vantage point or the reason why (or why not). But the Court is not persuaded that Plaintiff should not be permitted to testify (subject to cross examination) that he saw Defendant Strange in the tower; nor should he be prohibited from

3

asking Defendant Strange if he was in the tower, and if so, whether he observed the attack, and whether he had a conversation with Plaintiff about the attack afterwards, as Plaintiff claims.[3]

In their reply, Defendants argue, "Plaintiff can only speculate that it was Strange who was in the tower when he voiced his concerns over the intercom following the second attack." [Doc. 89 at Page ID # 536]. But Plaintiff claims he had a conversation with a guard in the tower [Doc. 85 at Page ID # 521]. And Federal Rule of Evidence 901(5) permits lay witness opinion testimony identifying a person's voice. The 1972 advisory committee's note to subdivision (b), example 5, specifically states: "aural voice identification is not a subject of expert testimony." Defendant Strange can of course deny that he was in the tower or deny that he had the conversation, and the jury can weigh his credibility against Plaintiff's.

Defendants rely only on the Sixth Circuit's ruling as the basis for exclusion, likely because the relevance of Defendant Strange's knowledge is, at least thus far, undisputed. Defendants cite Rule 602 (Need for Personal Knowledge) in their reply, but that is adequately addressed herein.

For these reasons, Defendants' motion in limine [Doc. 75] is **DENIED IN PART** as to the first in limine request.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Strange's sworn declaration does not specifically deny that he was in the tower; nor does he specifically deny that he had a conversation with Plaintiff about the second assault through the tower intercom [Doc. 51-1].