UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

|  |  |  |
|---|---|---|
| PHILLIP ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-04-SKL |
| | ) | |
| JOHN CARROLL, CHASE STRANGE, and | ) | |
| DAKOTA LILES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Before the Court is a trial brief from Defendants John Carroll, Chase Strange, and Dakota Liles ("Defendants") [Doc. 86]. They argue Plaintiff Phillip Roberts ("Plaintiff") is not entitled to seek nominal damages at trial (as an alternative to compensatory damages)[1] because he is subject to § 1997e(e) of the Prison Litigation Reform Act. Plaintiff filed a response in opposition [Doc. 90], and Defendants filed a reply [Doc. 95-1].

**I. BACKGROUND**

Section 1997e(e) provides:

(e) Limitation on recovery

---

[1] Nominal damages are "the damages awarded by default until the plaintiff establishes entitlement to some other form of damages." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 800 (2021). Thus, nominal damages can be awarded when a claimant establishes a cause of action but fails to prove they are entitled to compensatory damages. Typically, a nominal damage award is for one dollar or some other trivial sum of money.

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ."

42 U.S.C. 1997e(e).

Relying on this statute and aspects of certain caselaw, Defendants argue Plaintiff must prove the existence of a physical injury that is "more than . . . de minimis" (and therefore accompanied by compensatory damages), or else his case should be "dismissed in its entirety." [Doc. 86 at Page ID # 526].[2] The current issue arose in the context of the proposed jury instructions and verdict form. Defendants argue that, because of the physical injury requirement in § 1997e(e), the jury should not be instructed on nominal damages and nominal damages should not be included on the jury verdict form. They assert the first question on the verdict form should be: "Did [Defendant] violate the Plaintiff's Fourteenth Amendment rights AND was it the proximate cause of a more than minimal injury to the Plaintiff?" [*Id.* at Page ID # 527].

Plaintiff challenges Defendants' interpretation of § 1997e(e) as it pertains to nominal damages on several different grounds. Plaintiff also contends § 1997e(e) is unconstitutional.[3]

---

[2] Courts outside of the Sixth Circuit have found that the limitation on damages in § 1997e(e) is an affirmative defense. *See, e.g., Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008); *Ford v. Bender*, No. 07-11457, 2012 WL 262532 (D. Mass. Jan. 27, 2012), *vacated on other grounds*, 768 F.3d 15 (1st Cir. 2014); *Kelsey v. Cnty. of Schoharie*, No. 04-CV-299, 2005 WL 1972557, at *1 (N.D.N.Y. Aug. 5, 2005) ("The County now seeks to add the affirmative defense that plaintiffs are limited to nominal damages by § 1997e(e) because they cannot prove any physical injury."); *Washington v. Schuler*, No. 18-cv-208-bbc, 2018 WL 4603270, at *1 (W.D. Wis. Sept. 25, 2018) ("Defendants raised several common affirmative defenses in their pleading, including . . . the limitation on damages in 42 U.S.C. § 1997e(e)[.]"). The issue of whether Defendants properly raised the limitation on damages in § 1997e(e) as an affirmative defense is not before the Court.

[3] Plaintiff and the Court certified the constitutional challenge to the Attorney General for the United States of America pursuant to Federal Rule of Civil Procedure 5.1 and 24 U.S.C. § 2403(b). The Attorney General had until November 2, 2021, to intervene in this case and did not do so.

After careful consideration, the Court finds Plaintiff is entitled to pursue nominal damages as one form of relief on his deliberate indifference and excessive force claims.[4] The Court further finds the PLRA is not unconstitutional.

## II. ANALYSIS

Assuming, without deciding, that § 1997e(e) is properly raised in this case, the Sixth Circuit has held that a prisoner subject to § 1997e(e) is still entitled to pursue non-compensatory relief, such as nominal damages, when they allege only non-physical injuries, for example psychological distress from threats. *See Small v. Brock*, 963 F.3d 539, 543-44 (6th Cir. 2020); *see also Lucas v. Chalk*, 785 F. App'x 288, 292 (6th Cir. 2019) (identifying "injunctive relief, nominal damages, compensatory or punitive damages for constitutional violations" as "*other relief not prohibited by the PLRA*" (emphasis added)).

*Small* was an Eighth Amendment case involving a guard making "multiple unprovoked verbal threats to immediately end" the plaintiff prisoner's life, but never actually assaulting or physically hurting the prisoner.[5] 963 F.3d at 541. The only compensatory damages the plaintiff sought were for emotional injuries. The district court dismissed the complaint based, in part, on § 1997e(e),[6] and the Sixth Circuit reversed. The Sixth Circuit held that, even if the plaintiff could

---

[4] To the extent this determination represents any departure from the Court's earlier decision on Defendants' motion for summary judgment, the Court observes that the parties' claims regarding nominal damages and § 1997e(e) were not presented to the Court.

[5] The *Small* court retreated from the Sixth Circuit's longstanding rule that "verbal abuse and harassment of prisoners do not alone give rise to a constitutional claim." 963 F.3d at 541 (citing *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987)). *Small* held that "a prisoner states an Eighth Amendment claim by alleging that, without provocation, a prison official threatened the prisoner's life on multiple occasions and took concrete steps, such as aggressively brandishing a deadly weapon, to make those threats credible." *Id.*

[6] The district court first dismissed the complaint on different grounds. When the plaintiff moved for reconsideration, the district court cited § 1997e(e) as an alternative basis for dismissal. *See Small*, 963 F.3d at 543 (discussing procedural history).

3

not recover damages to compensate his non-physical injuries under the PLRA, "[a]t the very least, Small may continue to pursue his action based on the requests for non-compensatory relief." *Small*, 963 F. at 543.

Defendants argue that "*Small* only held that a prisoner alleging non-physical injuries from an Eighth Amendment violation was not barred from filing a suit under the PLRA if his suit seeks other non-compensatory reliefs such as punitive damages, injunctive relief or nominal damages." [Doc. 95-1 at Page ID # 556]. They claim that nothing about the *Small* decision "even remotely suggests that plaintiff's is [sic] not required to prove a physical injury that is more than de minimis to state a claim under the PLRA." [*Id.*]. This statement is somewhat confusing, because *Small* actually *did* hold that § 1997e(e) did not prohibit the plaintiff from pursuing his Eighth Amendment claim even if he did not allege, and therefore obviously did not prove, a physical injury at all. *See Small*, 963 F.3d at 543 ("The district court reasoned that Small's action was barred [under § 1997e(e)] because he alleged no physical injury and sought only compensatory damages for 'emotional injuries.' But Small seeks more than compensatory damages for his mental or emotional injuries. He also seeks punitive damages, injunctive and declaratory relief . . . ." (internal citations omitted)); *see also Wallace v. Coffee Cnty.*, 852 F. App'x 871, 878-79 (6th Cir. 2021) ("The *Small* court did decide, however, that, at the very least, the PLRA did not bar Small's suit insofar as it sought 'forms of relief other than compensatory damages.'" (citations omitted)); *Taylor v. Wawrzyniak*, No. 1:15-CV-104, 2016 WL 7664350, at *5 n.1 (W.D. Mich. Dec. 13, 2016) ("By its very terms, § 1997e(e) is a 'limitation on recovery,' not a bar to asserting a claim." (citations omitted)), *report and recommendation adopted*, 2017 WL 68269 (W.D. Mich. Jan. 6, 2017); *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003) ("[W]e have explained that §

4

1997e(e) may limit the relief available to prisoners who cannot allege a physical injury, but it does not bar their lawsuits altogether.").

Moreover, in the excessive force context, the United States Supreme Court has held that the "core judicial inquiry" is not the "extent of the injury," but rather "the nature of the force." *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010). In *Wilkins*, the Supreme Court reversed the Fourth Circuit's dismissal of the prisoner plaintiff's claim, specifically rejecting the Fourth Circuit's conclusion that "Wilkins had failed to state a claim because 'he simply has not alleged that he suffered anything more than a de minimus [sic] injury.'" *Id.* at 38 (further rejecting "the practice of using injury as a proxy for force"). In other words, a significant, or non-de-minimis, injury, is not a required element of an excessive force claim. "In the excessive-force context, the focus is on the extent of the force used rather than the extent of the injuries, although the two are at least imperfectly correlated." *Roberts v. Coffee Cnty.*, 826 F. App'x 549, 556 (6th Cir. 2020) (quoting *Wilkins*, 559 U.S. at 37-38); *see also Coley v. Lucas Cnty.*, 799 F.3d 530, 539 (6th Cir. 2015) ("Because the Fourteenth Amendment, like the Fourth Amendment, must look to whether the force used was objectively unreasonable, the inquiry in both contexts focuses on the force itself rather than the injury."). Accordingly, neither § 1997e(e) nor the elements of an excessive force claim require a plaintiff to prove more than a de minimis injury in order to seek nominal damages.

The Court concludes Plaintiff is entitled to seek and receive nominal damages if he establishes Defendant Liles used excessive force but fails to establish actual damages. *See Uzuegbunam*, 141 S. Ct. at 800 ("[T]he prevailing rule, 'well established' at common law, was 'that a party whose rights are invaded can always recover nominal damages without furnishing any evidence of actual damage.'" (citation omitted)); *see also id.* at 802 ("Because every violation

5

of a right imports damage, nominal damages can redress Uzuegbunam's injury even if he cannot or chooses not to quantify that harm in economic terms." (cleaned up)).

The Court will also briefly address whether § 1997e(e) prohibits an award of nominal damages in the context of Plaintiff's deliberate indifference claims, although Defendants do not distinguish between excessive force claims and deliberate indifference claims in their filings. *Lucas v. Chalk* is an Eighth Amendment deliberate indifference claim based on a prison official's comments about a prisoner's sexuality and refusal to allow a prisoner to receive mental health treatment. No. 18-1211-JDT-cgc, 2018 WL 5622290, at *4 (W.D. Tenn. Oct. 30, 2018), *reversed* 785 F. App'x 288 (6th Cir. 2019). In *Lucas*, the district court dismissed the prisoner plaintiff's complaint based on § 1997e(e), holding that the "allegations in this case are not based on the fact that Lucas may have been raped or sexually assaulted; the complaint is concerned only with Chalk's comments. Lucas has not alleged that he suffered any physical injury as a result of those comments." *Id*. at 289. The Sixth Circuit reversed, holding that the plaintiff should have been allowed to amend his complaint and "seek different relief—for example, injunctive relief, nominal damages, compensatory or punitive damages for constitutional violations, or other relief *not prohibited by the PLRA*." *Lucas*, 785 F. App'x at 292 (emphasis added); *see also Reed v. Mohr*, No. 2:19-cv-738, 2019 WL 5157005, at *5 (S.D. Ohio Oct. 15, 2019) ("Even assuming that plaintiff's self-inflicted injury does not satisfy the physical injury requirement in § 1997e(e), that would not warrant dismissal of the complaint. Section 1997e(e) would not preclude a claim for injunctive or declaratory relief, or a claim for compensatory, nominal or punitive damages based on a violation of plaintiff's Eighth Amendment rights.").

Applying the reasoning of *Lucas*, § 1997e(e) does not prohibit an award of nominal damages in the context of deliberate indifference claims. Thus, the jury instructions and verdict

6

form will reflect the availability of nominal damages. The Court will now address a few additional arguments raised by the parties, addressing Defendants' points first and then Plaintiff's.

First, Defendants' causation argument is not persuasive. It is undisputed that to receive compensatory damages, Plaintiff must establish that his injuries, if any, were caused by Defendants' actions in violating Plaintiff's constitutional rights. The Court also rejects Defendants' reliance on the Sixth Circuit's holding and reasoning in the appeal of this case, *see* 2020 WL 249466. In the language Defendants quote, the Sixth Circuit did not hold that compensable physical injuries were required in order for Plaintiff to seek non-compensatory damages. Rather, the court dispensed of Defendants' argument that Plaintiff's alleged lack of physical injuries was a proper basis for granting summary judgment. Like this Court on summary judgment, the Sixth Circuit was not addressing any § 1997e(e) arguments regarding a jury award of nominal damages.

Next, the Court also rejects Defendants' reliance on the unpublished Sixth Circuit cases *Adams v. Rockafellow*, 66 F. App'x 584 (6th Cir. 2003), and *Jarriett v. Wilson*, 162 F. App'x 394 (6th Cir. 2005). They appear to be in conflict with the more recent Sixth Circuit authority discussed above. Finally, the passage from *Huber v. Nolan* which Defendants cite appears to relate only to claims for "monetary damages." No. 1:19-cv-224, 2019 WL 6842935, at *4-5 (S.D. Ohio Nov. 13, 2019). The issue here is Plaintiff's ability to pursue nominal damages.

In sum, the Court finds § 1997e(e) does not require Plaintiff to prove "proximate cause of a more than minimal injury" to pursue his remaining claims against these Defendants. Contrary to Defendants' arguments, if Plaintiff establishes the violation of his constitutional rights but no compensable injuries, he is entitled to recover nominal damages "by default." *See Uzuegbunam*,

7

Case 4:18-cv-00004-SKL   Document 98   Filed 11/03/21   Page 7 of 10   PageID #: 573

141 S. Ct. at 800 (citing favorably case that holds "prevailing plaintiff entitled to nominal damages as a matter of law even where jury neglected to find them").

Plaintiff also raises constitutional challenges to the physical injury requirement § 1997e(e). Presumably this is because, even if § 1997e(e) does not bar nominal damages, it would bar Plaintiff from recovering mental and emotional damages in the absence of a physical injury. It is unnecessary to resolve this constitutional issue unless Plaintiff is actually awarded compensatory mental and emotional damages. Moreover, in this case, Plaintiff's claimed damages all flow from alleged physical assaults, making it unlikely as a practical matter that Plaintiff would be awarded compensatory mental or emotional damages without proven physical damages/injuries.

As Defendants point out, Plaintiff cites no authority holding that § 1997e(e), as the Court has interpreted it, is unconstitutional on its face or as applied to the claims in this case. Plaintiff cites one case from the Western District of Missouri in which the court refused to apply § 1997e(e) to the prisoner plaintiff's claim that he was discriminated against on the basis of his race in housing assignments, job assignments, and in other ways. *Mason v. Schiro*, 45 F. Supp. 2d 709, 719 (W.D. Mo. 1999). That case has been overturned on this point. *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004). Other courts have held that, because § 1997e(e) is only a limitation on recovery, and does not bar all relief for certain constitutional claims, it does not violate the principle of separation of powers. *See Zehner v. Trigg*, 133 F.3d 459, 461-64 (7th Cir. 1997) (holding § 1997e(e) is an appropriate exercise of Congress's authority and does not violate separation of powers).

Plaintiff's equal protection challenge likewise finds no support in the law. Prisoners are not a suspect or quasi-suspect class. *See id.* at 464; *see also Kissane v. Jones*, 89 F. App'x 577, 578 (6th Cir. 2004); *Coleman v. Martin*, 363 F. Supp. 2d 894, 902 (E.D. Mich. 2005); *Smith v. Wildermuth*, No. 9:11-CV-0241 (TJM/TWD), 2015 WL 403108, at *11 (N.D.N.Y. Jan. 29, 2015).

8

Plaintiff cites one case for that proposition, *Legal Services Corp. v. Velasquez*, 531 U.S. 538 (2001), but the holding and reasoning in that case are not relevant to the case at bar. And, despite Plaintiff's protestations, § 1997e(e) survives rational basis review, as cutting back meritless prisoner litigation is a legitimate governmental purpose which is served by limiting the economic incentives for filing claims. *See Davis v. District of Columbia*, 158 F.3d 1342, 1347-48 (D.D.C. 1998); *Searles v. Van Bebber*, 251 F.3d 869, 875-77 (10th Cir. 2001) (denying equal protection challenge; finding § 1997e(e) "does not violate plaintiff's right of access to the courts or otherwise run afoul of constitutional restrictions.").

### III. CONCLUSION

In summary, although the Court is not persuaded by Plaintiff's arguments against the constitutionality of § 1997e(e), the Court finds § 1997e(e) does not bar Plaintiff from seeking nominal damages in this case. In light of the foregoing, the Court will instruct the jury about nominal damages and include nominal damages on the verdict form. As a result, the parties are **ORDERED** to confer and submit a jointly proposed verdict form that includes a possible award of nominal damages by **November 16, 2021**.

Further, on appeal of this case, the Sixth Circuit noted the parties did not discuss the potential effect of *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) on Plaintiff's deliberate-indifference claim. *Roberts*, 826 F. App'x at 559 n.2. A very recent Sixth Circuit decision does address *Kingsley* in the context of a deliberate-indifference claim, *Brawner v. Scott County, Tennessee*, 14 F.4th 585 (6th Cir. 2021). As *Brawner*, which was decided after the parties submitted proposed jury instructions, may impact portions of the previously jointly proposed or contested proposed jury instructions, the parties are **ORDERED** to confer and submit revised

proposed jury instructions by **November 16, 2021**, following the Court's prior directions about any instructions that are not jointly proposed.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE